# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACOB ALAN POWERS,

    Petitioner,

    v.                                                            Case No. 10-C-1127

WILLIAM POLLARD,[1] Warden
Waupun Correctional Institution

    Respondent.

## **DECISION AND ORDER**

On December 14, 2010, petitioner Jacob Alan Powers filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 4, 2006, the petitioner was convicted of two counts of second degree sexual assault of a child and one count of child enticement. On August 8, 2006, he was sentenced to a 33-years confinement, followed by 15-years extended supervision.

In his petition, the petitioner asserts that: (1) he did not understand the state court proceedings due to mental disorders, (2) his trial counsel was ineffective because he did not explain the state court proceedings, rarely met with him to discuss his case, failed to raise the issue of competency at trial, and neglected to investigate potential alibi witnesses (3) he is not receiving proper medical treatment at the correctional facility where he is incarcerated, and (4) that the prosecuting attorney failed to turn over potentially exculpatory information.

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that the petition name as a respondent the state officer who has custody if the petitioner is currently in custody under a state court judgment. During the pendency of this case, Michael Thurmer was replaced by William Pollard as Warden at Waupun Correctional Institution. Therefore, the court substituted William Pollard as the respondent.

District Judge Charles N. Clevert conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed June 10, 2011, Judge Clevert dismissed the petitioner's inadequate medical treatment claim because such claim was not cognizable under federal habeas review and was more properly suited for an action under 42 U.S.C. § 1983. As to his remaining claims, Judge Clevert concluded that the petitioner had raised colorable constitutional issues. Thus, Judge Clevert ordered the respondent, Warden Michael Thurmer of the Waupun Correctional Center, to "file an answer, motion, or other appropriate response to the petition." (Court's Order of June 10, 2011, at 2). Because the petition did not provide any information related to state court proceedings, the court ordered the respondent to address exhaustion in his submission.

On July 26, 2011, the respondent filed a motion to dismiss the petition. (Docket # 22). The respondent contends that the petitioner procedurally defaulted his claims because he did not fairly present each claim to each level of the state judiciary. On the same date, the respondent filed a motion to stay time for filing an answer to petition pending disposition of the respondent's motion to dismiss. (Docket # 23).

On July 29, 2011, the petitioner filed a motion to stay pending exhaustion of his state court remedies. In his motion, the petitioner also requested that he be provided all court transcripts or counsel so he "can do everything right." (Docket #24). On August 3, 2011, the petitioner filed a reply to the respondent's motion to dismiss and a request for alternative to dismissal. (Docket 25). In this brief, the petitioner asserts that the respondent violated Judge Clevert's Rule 4 Screening Order by filing a motion to dismiss, rather than an answer. In support of his assertion, in a letter filed August 8, 2011, the petitioner cites to Chavez v. Morgan, 932 F. Supp. 1152, 1152-53 (E.D. Wis. 1996), in which the court stated "a motion to

dismiss is generally ***not*** an appropriate pleading in response to a petition for a writ of habeas corpus . . . . The appropriate response is an 'answer.'" (emphasis in original). The petitioner also requests a stay of all proceedings and the motion to dismiss pending his review of all trial transcripts. He does not address procedural default.

The respondent filed a reply on August 11, 2011, reasserting that the court should dismiss the petitioner's petition based on procedural default. He also opposes petitioner's motion for a stay.

Finally, on August 16, 2011, the petitioner filed a letter requesting dismissal of his habeas petition without prejudice or, alternatively, to "hold in advance," so he can return to state court to exhaust his state claims. (Petitioner's Letter of August 16, 2011, at 1). In his motion to dismiss, the petitioner also renews his assertion that a motion to dismiss is inappropriate and that the respondent should have filed an answer and the state court record.

Before addressing the substance of the respondent's motion to dismiss, the court will address the petitioner's assertion that a motion to dismiss for failure to state a claim is an inappropriate practice in habeas corpus proceedings pursuant to <u>Chavez</u>, 932 F. Supp. at 1153. Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts was amended in 2004, after <u>Chavez</u>. As amended, Rule 4 "reflects that the response to a habeas motion may be a motion." 2004 Advisory Committee Notes. Specifically, Rule 4 authorizes the judge to "order the respondent to file an answer, motion, or other response . . . or take such other action as the judge deems appropriate." According to the Rules Governing Section 2254 Cases advisory committee notes:

> This is designed to afford the judge flexibility in a case where either dismissal or an order to answer may be inappropriate. For example, the judge may want to

> authorize the respondent to make a motion to dismiss based upon information furnished by respondent, which may show that . . . the petitioner has failed to exhaust state remedies . . .. In these situations, a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.

See also Lonchar v. Thomas, 517 U.S. 314, 325 (1996).

As noted, Judge Clevert's Rule 4 Order directed the respondent to file an "answer, motion, or other appropriate response to the petition" that addressed exhaustion. (Court's Order of June 10, 2011, at 3). Judge Clevert also stated that "if the respondent [chose to] file[ ] a motion to dismiss, the motion must be accompanied by a brief in support and other relevant materials." Id. Therefore, contrary to the petitioner's contentions, the respondent's motion to dismiss was an appropriate response to the petition. Moreover, unlike in Chavez, the respondent filed copies of the state court docket, the parties' appellate briefs, and the relevant state court opinions, so the court was able to determine whether the petitioner procedurally defaulted his claims. Because the motion to dismiss was an appropriate response to the petition, the respondent's motion to stay time for filing an answer is denied as moot. The court will now consider the remaining motions, which include the respondent's motion to dismiss and the petitioner's motion to stay and motion to dismiss.

## **APPLICABLE LAW**

Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts permits federal courts to apply the Federal Rules of Civil Procedure to petitions for habeas corpus relief when appropriate. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under federal notice

pleading, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 [1957]).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." It is also well-settled in this circuit that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." Wright v. Associated Ins. Companies, Inc., 29 F.3d 1244, 1248 (7th Cir. 1994) (citing Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 [7th Cir. 1993]). "[T]his is a narrow exception" to the general rule that when additional evidence is attached to a motion to dismiss, "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 . . . or exclude the documents attached to the motion to dismiss and continue under Rule 12." Levenstein v. Salafsky, 164 F.3d 345, 247 (7th Cir. 1998).

In addition, the court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. Henson v. CSC Credit Servs., 29 F.3d 280, 824 (7th Cir. 1994); see also, Opoka v. INS, 94 F.3d 392, 394 (7th Cir.1996) (recognizing that proceedings in other courts, both inside and outside the federal system, may be judicially noticed); Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, Civil 2d § 1364 at 475-479 (2nd ed. 1990).

**RELEVANT FACTUAL BACKGROUND**

Following his conviction, on April 23, 2007, petitioner's counsel filed a postconviction motion for a competency determination in the trial court. (Respondent's Brief in Support of Motion to Dismiss Habeas Petition Under Fed. R. Civ. P. for Procedural Default [Respondent's Brief], Exh. 2 at 8). A competency hearing was held and the petitioner was found competent to proceed on appeal.

Thereafter, the petitioner appealed his judgment of conviction and the trial court's competency determination to the Wisconsin Court of Appeals. (Id., Exh. 2 at 5.) On February 28, 2008, the petitioner's appellate counsel filed a no-merit report pursuant to Wis. Stat. § 809.32 and Anders v. California, 386 U.S. 738 (1967). Appellate counsel considered the following five issues: (1) whether the petitioner's conviction was supported by sufficient evidence, (2) whether the petitioner was denied his Sixth Amendment right to effective assistance of counsel, (3) whether the trial court's sentence was an abuse of discretion, (4) whether the petitioner's sentence was excessive, and (5) whether the trial court's finding that the petitioner was competent to proceed with appellate matters was an abuse of discretion? In her brief, appellate counsel concluded that each claim was frivolous and without merit under

the established Anders standards. (Respondent's Brief, Exh. 3 at 28). She concluded that the state met its burden of proof in establishing each element of the charged offenses beyond a reasonable doubt, that the record did not support a finding that the petitioner received ineffective assistance of counsel because counsel failed to raise the issue of the petitioner's incompetency or enter a plea of not guilty by reason of mental disease or defect, that the judge did not erroneously exercise his discretion so as to permit the petitioner to seek a sentence modification or resentencing, that nothing in the record supported an argument that the petitioner's sentence was excessive, and that nothing in the record supported a finding that the trial court's competency ruling was erroneous.

The petitioner filed a response to counsel's no-merit report, identifying thirteen evidentiary issues that he thought could be investigated further. (Id., Exh. 4). Appellate counsel investigated the matters and filed a supplemental no-merit report summarizing her findings and concluding that no information was discovered or available that would change the outcome of the petitioner's appeal. (Id., Exh. 5).

On May 21, 2008, the court of appeals issued an order affirming the petitioner's conviction on the grounds that there was no arguable merit to any issue that could be raised on appeal. The court considered each issue raised by appellate counsel in her no-merit report. and affirmed the petitioner's conviction.

The state court docket indicates that on November 3, 2009, and December 29, 2009, the petitioner filed postconviction motions pursuant to Wis. Stat. § 974.06.[2] (Id., Exh. 2 at 3-4). The

---

[2] This court was not provided copies of the petitioner's November 3, 2009, or December 29, 2009 motions, or with the court's summary dismissal, so it is unclear what issues the petitioner raised. However, for the reasons stated in this decision and order, the court's inability to determine what issues were raised before the circuit court does not foreclose the court from finding procedural default.

court summarily denied postconviction relief on February 25, 2010. (Id., Exh. 2 at 3.) On June 8, 2010, the petitioner filed a letter with the court of appeals, which the court construed as an appeal of the petitioner's 974.06 postconviction motion. (Id. at Exh. 9.) With the letter, the petitioner included medical records related to a brain tumor he had removed in 1994. On July 15, 2010, the court of appeals dismissed the appeal as untimely pursuant to Wis. Stat. § 808.04(1) because it was filed more than ninety days after entry of the final order.

On August 13, 2010, the petitioner filed a pro se petition for discretionary review with the Wisconsin Supreme Court, seeking review of the court of appeals' May 21, 2008, and July 15, 2010 decisions. His petition raised each ground currently before the court on habeas review. The Supreme Court denied review on December 7, 2010.

## **ANALYSIS**

The petitioner's petition for habeas corpus presents the following claims: (1) that his Fourteenth Amendment right to due process was violated because he was incompetent to stand trial, (2) that his Sixth Amendment right to effective assistance of trial counsel was violated by counsel's failure to meet with him regularly and to explain court proceedings, and (3) that the prosecution violated its duty to turn over potentially exculpatory information in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963).

A petitioner seeking habeas relief must show that he is in custody "in violation of the Constitution or the laws of the United States." 28 U.S.C. 2254(1). Federal habeas corpus review does not reach errors of state law, including the state court's application of adequate and independent state procedural rules. Johnson v. Bett, 349 F.3d 1030, 1037 (7th Cir. 2003) (citing Estelle v. McGuire, 502 U.S. 62, 68 [1991]). For a state procedural rule to be adequate

to support a state court judgment, the procedural rule must be applied in a "consistent and principled way." Page v. Frank, 343 F.3d 901, 912 (7th Cir.2003) (quoting Braun v. Powell, 227 F.3d 908, 912 (7th Cir.2000)). In addition, "[s]tate court decisions are not adequate to bar federal habeas review unless they rest upon firmly established and regularly followed state practice." Page, 343 F.3d at 912 (internal citations and quotations omitted).

"Out of respect for finality, comity, and the orderly administration of justice" a federal court can consider a petition for a writ of habeas corpus on its merits only if the petitioner (1) exhausted all remedies available in the state courts and (2) fairly presented any federal claims in state court first. Dretke v. Haley, 541 U.S. 386, 388 (2004); Bocian v. Godinez, 101 F.3d 465, 469 (7th Cir. 1996) (citing Picard v. Connor, 404 U.S. 270, 275 [1971]).

Fair presentment requires that a petitioner first give the state courts a fair opportunity to address his claims and correct any error of a constitutional magnitude. Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001) (citing 28 U.S.C. § 2254[b],[c]; O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 [1999]). To satisfy that requirement, the petitioner must present both the operative facts and the legal principles that control each claim to the state courts in a way that calls the court's attention to the federal constitutional nature of his claims. Badelle v. Correll, 452 F.3d 648, 661 (7th Cir. 2006). In addition, the petitioner must follow the state's procedural rules by presenting his claims in the time and manner required by state law. Chambers v. McCaughtry, 264 F.3d 732, 738-89 (7th Cir. 2001).

Based on these principles, petitioners seeking habeas review of Wisconsin state court proceedings must present their federal constitutional claims to the Wisconsin Court of Appeals, then appeal that decision by filing a petition for discretionary review with the Wisconsin Supreme Court. Pursuant to state statute, petitions to the Wisconsin Supreme Court must be

filed within 30-days of the court of appeals' decision. Wis. Stat. § 808.10. Once the thirty-day deadline passes, the supreme court loses its jurisdiction to consider the petition. Buelow v. Dickey, 847 F.2d 420, 424-25 (7th Cir. 1988) (citing First Wisconsin Nat'l Bank v. Nicholaou, 87 Wis. 2d 360, 274 N.W.2d 704, 705 [1979]). In other words, if a petitioner files an untimely petition to the Wisconsin Supreme Court, he has not given the court a fair opportunity to address his claims and has procedurally defaulted. See id.

Once a court determines that the petitioner procedurally defaulted on his claim, it cannot reach a decision on the merits of that claim unless the petitioner can demonstrate, "(1) a cause for and actual prejudice arising from failing to raise the claim as required or (2) that enforcing the default would lead to a 'fundamental miscarriage of justice.'" Gomez, 350 F.3d at 679 (citing Wainwright v. Sykes, 433 U.S. 72, 87 [1977]).

**Respondent's Motion to Dismiss**

A review of the record indicates that the petitioner defaulted each claim raised in his habeas petition. Regarding his competency, the petitioner raised the issue of his competency to proceed on appeal in his no-merit appeal. However, over two years passed before the petitioner filed a petition for discretionary review with the Wisconsin Supreme Court, well outside the 30-day filing period. Therefore, he did not fairly present his claim to the state's highest court, resulting in procedural default.

A liberal reading of the petitioner's habeas petition indicates that he also asserts that he was incompetent to stand trial. Although raised in his petition for discretionary review, the petitioner's competency to stand trial was not raised in his no-merit appeal or his § 974.06

- 10 -

postconviction appeal. By failing to fairly present this claim to each level of the state court, the petitioner procedurally defaulted this claim as well.

The petitioner states that trial counsel provided ineffective assistance by failing to meet with the him to discuss the case and court proceedings, to return the petitioner's phone calls, or to respond to his letters. In addition, the petition asserts that counsel was ineffective for failing to raise the issue of the petitioner's competency at trial and by failing to subpoena alibi witnesses.

The petitioner raised ineffective assistance of trial counsel as a ground for relief in his no-merit appeal. However, the no-merit appeal addressed only counsel's failure to meet with him to discuss his case and failure to raise issues about the petitioner's competency at trial. Both of these claims were also raised in his petition for discretionary review filed with the Wisconsin Supreme Court. But as previously discussed, the petition, to the extent it was requesting review of the petitioner's no-merit appeal, was untimely. Therefore, the petitioner has procedurally defaulted these claims

The court recognizes that the petitioner's § 974.06 postconviction appeal states that counsel failed to notify the trial court that the petitioner was on medication and previously had a brain tumor removed. The court interprets this statement to be an ineffective assistance of counsel claim. Although the petitioner repeated this claim in his petition for discretionary review, which was timely as to the court of appeals' § 974.06 decision, this court is procedurally barred from addressing the claim for it was rejected by the state appeals court as untimely, or in other words, on independent and adequate state procedural grounds. This court cannot review errors of state law raised in habeas petitions. See Estelle, 502 U.S. at 68.

The petitioner also defaulted his ineffective assistance of counsel claim predicated on counsel's failure to investigate potential alibi witnesses. The no-merit appeal does not mention potential alibi witnesses, nor does his § 974.06 postconviction motion. Instead, the petitioner raises this claim for the first time in his petition to the Wisconsin Supreme Court for discretionary review. However, presenting a claim for the first time in a petition for discretionary review with the state's highest court does not satisfy the fair presentment requirement. Wilson, 243 F.3d at 328. Therefore, the petitioner procedurally defaulted this claim.

Finally, the petitioner asserts that the prosecution collected a comb, clothing, and bed sheets without his knowledge. He contends that the prosecution did not submit this evidence to the court or his attorney. Judge Clevert, in his Rule 4 Screening Order, construed this as a Brady claim. The petitioner first raised this claim in his petition for discretionary review filed with the Wisconsin Supreme Court. Because he did not present this claim to each level of the state court, the petitioner procedurally defaulted this claim.

In sum, the petitioner has procedurally defaulted each of his claims by failing to fairly present such claims to the required levels of the state judiciary in accordance with Wisconsin's appeals procedures.

Because the petitioner procedurally defaulted each claim presented in his petition for habeas relief, the court is barred from considering the claims' merits unless the petitioner can show "(1) a cause for and actual prejudice arising from failing to raise the claim as required or (2) that enforcing the default would lead to a 'fundamental miscarriage of justice.'" Gomez, 350 F.3d at 679 (citing Wainwright v. Sykes, 433 U.S. 72, 87 [1977]). Relying on an outdated case, which held that an answer is the only appropriate response to a habeas petition, the petitioner omitted discussion of procedural default in brief opposing the motion to dismiss. Based on an

independent review of the state court record, the court has determined that the petitioner procedurally defaulted each claim set forth in his habeas petition. Nonetheless, the court will allow the petitioner an opportunity to submit a brief addressing whether this court should excuse the petitioner's procedural default pursuant to Wainwright, 433 U.S. at 87. More specifically, the petitioner must show either cause for the default and actual prejudice resulting from the default, or that enforcing the default would lead to a fundamental miscarriage of justice. The court will not consider the merits of the petitioner's claims or other unrelated arguments. Moreover, the petitioner does not need access to any trial transcripts for purposes of drafting this brief. Therefore, the court will not entertain additional motions requesting such trial transcripts. The petitioner's brief – showing either cause for his procedural default and actual prejudice resulting from the default, or that enforcing the default would lead to a fundamental miscarriage of justice – must be filed by **December 23, 2011**. The respondent's brief will be due **January 23, 2012**, and the petitioner's reply brief will be due **February 8, 2012**.

## **Petitioner's Motion to Stay and Motion to Dismiss**

The petitioner requests a stay so he can exhaust his state court remedies. In his motion, he also requests appointment of counsel and copies of the state court transcripts and pleadings in this case. In his motion to dismiss, the petitioner seeks dismissal of his habeas petition without prejudice, or in the alternative, a stay. In seeking a stay, the petitioner narrows his request, asserting that he should be granted a stay so that he can exhaust his Brady claim pursuant to State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540 (1992) (holding that in order to bring claim of ineffective assistance of appellate counsel, the defendant must petition

the appellate court that heard the appeal for writ of habeas corpus).³  The petitioner's request for dismissal of his habeas petition without prejudice will be denied for the following reasons.

With respect to the stay to return to state court, the court construes the petitioner's argument as asserting that his appellate counsel was ineffective for failing to raise his Brady claim in the no-merit appeal.  The petitioner did not raise an ineffective assistance of appellate counsel claim in his petition for habeas relief, so the court will not consider it here.  Instead, he seeks habeas relief on the grounds that the prosecution violated Brady by withholding potentially exculpatory evidence.

A petitioner exhausts his claims when he has presented them to the highest state court for a ruling on the merits, "or when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed.  Farrell v. Lane, 939 F.2d 409, 410-411 (7th Cir. 1991).  Currently, the petitioner has no state court avenue of appeal by which he may bring a Brady claim.  The petitioner could have raised his Brady claim on direct appeal or in his § 974.02 motion for postconviction relief, but he did not. Section § 974.06(4) of the Wisconsin Statutes and State v. Escalona-Naranjo, 185 Wis. 2d 168, 181-82, 517 N.W.2d 157 (1994) bar subsequent postconviction motions.  Therefore, he cannot raise those claims in a § 974.06 motion for postconviction relief.  A state petition for a writ of habeas corpus would also fail because such petitions cannot reach issues that could have been raised in another proceeding.  See State v. Pozo, 258 Wis. 2d 796, 654 N.W.2d 12 (Wis. Ct. App. 2002).  With no state court remedies available, the petition has exhausted his Brady claim.  Accordingly, the

---

³ In the event the petitioner did not intend his motion to dismiss to narrow his motion to stay, the court finds that the petitioner exhausted his claims of incompetency and ineffective assistance of trial counsel for the reasons stated in this court's procedural default analysis. Therefore, the petitioner is not entitled to a stay on these grounds either.

court denies the petitioner's motion to stay and motion to dismiss to the extent they requested a stay to exhaust state court remedies.

In his motion to stay, the petitioner also requests appointment of counsel, stating that he is unfamiliar with the legal system, that he does not know what he is doing, and that he has been in special education programs from kindergarten through twelfth grade.

There is no right to counsel in a federal habeas corpus proceeding. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). If a petitioner qualifies under 18 U.S.C. § 3006A(g), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interest of justice so requires. See Rules 6(a) & 8(c) of the Rules Governing Habeas Corpus Cases. However, at this stage of the proceedings, this court is not prepared to make such a determination.

This court also has discretion to appoint counsel in a habeas corpus proceeding pursuant to 28 U.S.C. § 1915(e). Before appointing counsel, this court must consider whether (1) the petitioner is indigent, (2) he has made reasonable efforts to secure counsel on his own, and (3) he is competent to litigate the matter on his own, considering the complexity of the case. See Romanelli v. Suliene, 615 F.3d 847, 851 (7th Cir. 2010); Farmer v. Hass, 990 F.2d 319, 322 (7th Cir. 1993); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). Although the petitioner has been deemed indigent for purposes of these proceedings, it does not appear from his motion to stay or the record that the petitioner has made any effort to secure counsel on his own.[4] Additionally, based on his submissions and given that at this

---

[4] It appears from the petitioner's reply brief and other submissions that he has sought help from other inmates in litigating his habeas petition.

juncture of the proceedings the only remaining issue is whether the petitioner can show cause and actual prejudice or a fundamental miscarriage of justice to overcome his procedural default, it appears that the petitioner is competent to litigate his petition himself and that the presence of counsel will not be outcome determinative. See Farmer v. Hass, 990 F.2d 319, 322 (7th Cir. 1993). Consequently, the petitioner's request for appointment of counsel will be denied.

Finally, the petitioner requests in both motions that the court provide him with free replacement copies of all court transcripts related to this case. He asserts that such papers were sent to his family by prison officials while he was in segregation, and that his family will not respond to his letters requesting that they return them. Further, he maintains that needs the transcripts because he cannot remember the court hearings, trial, or sentencing. The court does not possess any transcripts related to this case and, therefore, did not rely on any transcripts in concluding that the petitioner procedurally defaulted his claims. In addition, on July 26, 2011, the petitioner was served copies of all relevant state court materials filed by the respondent along with the motion to dismiss. In short, the petitioner has everything he needs to comply with this court's order to brief cause and prejudice and fundamental miscarriage of justice exceptions to procedural default and, therefore, his request for transcripts is denied. Accordingly, for the reasons stated herein, the petitioner's motion to stay and motion to dismiss his habeas petition without prejudice will be denied.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner shall file a brief addressing whether he can overcome his procedural default by showing either cause for the default and actual prejudice resulting from the default or that enforcing the default would lead to a fundamental miscarriage of justice on or before **December 23, 2011**. The respondent shall file a responsive brief on or before **January 23, 2012**, and the petitioner shall file a reply brief on or before **February 8, 2012**.

**IT IS FURTHER ORDERED** that the respondent's Motion to Stay Time for Filing an Answer to Petition Pending Disposition of the Respondent's Motion to Dismiss be and hereby is **denied**. (Docket #23).

**IT IS ALSO ORDERED** that the petitioner's Motion to Stay be and hereby is **denied**. (Docket #24).

**IT IS ALSO ORDERED** that the petitioner's Motion to Dismiss his habeas petition without prejudice be and hereby is **denied**. (Docket # 28).

Dated at Milwaukee, Wisconsin this 23rd day of November, 2011.

BY THE COURT:

/s Patricia J. Gorence
Patricia J. Gorence
United States Magistrate Judge