UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACOB ALAN POWERS,

        Petitioner,

V.                          Case No. 10-CV-1127

BRIAN FOSTER,

        Respondent.

ORDER

Jacob Alan Powers was convicted following a jury trial in Fond du Lac County Circuit Court on August 8, 2006, of two counts of second degree sexual assault of a child and one count of child enticement. (ECF No. 95 at 2.) After unsuccessfully seeking relief in the state courts, Powers filed a petition for a writ of habeas corpus in federal court on December 14, 2010. (ECF No. 1.) The procedural history of this action has been recounted in prior decisions in this case. (ECF No. 31, 51, 67); *see also Powers v. Pollard*, 2011 U.S. Dist. LEXIS 135873 (E.D. Wis. Nov. 23, 2011). But some limited discussion is required to explain this court's present decision.

Powers's petition began with five claims (ECF No. 1), four of which survived initial screening by Judge Clevert (ECF No. 12). The respondent moved to dismiss the

petition due to Powers's failure to exhaust his state court remedies. (ECF No. 21.) Powers asked the court to stay the proceedings so he could return to state court to exhaust his remedies. (ECF No. 24.) Judge Gorence, to whom the case was by then assigned, found that Powers had procedurally defaulted each of the claims raised in his petition "by failing to fairly present such claims to the required levels of the state judiciary in accordance with Wisconsin's appeals procedures." (ECF No. 31.) However, she denied the respondent's motion to dismiss and instead permitted Powers to attempt to show that his procedural default should be excused. (ECF No. 31.) She also denied Powers's motion to stay the proceedings and to hold his petition in abeyance. (ECF No. 31 at 13-15.)

Judge Gorence subsequently appointed counsel to represent Powers. (ECF No. 38.) Now represented by counsel, Powers filed a brief arguing that his procedural default should be excused because he demonstrated cause and prejudice. (ECF No. 44.) In his brief, Powers essentially amended his petition, leading the respondent to withdraw his motion to dismiss. (ECF No. 50.)

In answering the petition, however, the respondent raised a different procedural defense – timeliness. (ECF No. 53.) At Powers's request, the case proceeded first on the issue of whether the statute of limitations should be equitably tolled. (ECF Nos. 56, 57, 58, 59.) Following briefing on that issue, Judge Gorence concluded that an evidentiary hearing was necessary. (ECF No. 67.) The case was then reassigned to Judge Callahan,

2

who scheduled the evidentiary hearing. (ECF No. 70.) The respondent subsequently waived his statute of limitations defense (ECF No. 75), negating the need for the evidentiary hearing.

The case, now reassigned to this court, finally appeared ready to be resolved on its merits. But then Powers moved to amend his petition again. The respondent agreed to the amendment, stating that it was "the most expeditious and fairest course for completing the litigation." (ECF No. 92 at 2.) Powers filed his amended petition adding claims that his trial counsel was ineffective for failing to discuss Powers's options to plead guilty (ground three), to disclose the state's plea offer (ground three), his right not to testify (ground four) and to prepare him for cross-examination (ground four). (ECF No. 95.) The respondent answered the amended petition, admitting that it was timely (ECF No. 97, ¶ 2) but alleging that each claim was procedurally defaulted. (ECF No. 97, ¶¶ 3-7.) Briefing then proceeded based on the amended petition.

In his brief in opposition to the amended petition the respondent argued that Powers had procedurally defaulted his new claims by failing to fairly present them to the state courts. (ECF No. 101 at 8-17.) And thus the court was arguably back where it was in October of 2014 when Judge Gorence found that an evidentiary hearing was necessary to determine if cause and prejudice existed to excuse Powers's procedural default. (ECF No. 67.)

3

But in reply, instead of arguing that his procedural default should be excused because of his mental limitations, Powers sought to overcome his procedural default by returning to state court to argue that his appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel arguments Powers presents in grounds three and four of his current petition. Thus, he asked the court to stay these proceedings and hold the amended petition in abeyance. (ECF No. 31.) Because the request for stay and abeyance was raised for the first time in reply, the court ordered further briefing on the matter. (ECF No. 105.) It is that request that is currently before this court.

"[S]tay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If employed too frequently the stay and abeyance procedure would undermine Congress's goal of encouraging finality of state court judgments and streamlining federal habeas proceedings. *Id.* Thus, a stay is appropriate only if the claim the petitioner seeks to present in the state court is not clearly meritless. *Id.* Additionally, there must have been good cause for the petitioner's failure to have earlier sought relief in state court. *Id.*

With respect to good cause, roughly a year ago Powers's current attorney contacted the district attorney's office that prosecuted Powers and asked whether it had made any plea offers to Powers. (ECF Nos. 107-1, 107-2, 107-3.) A prosecutor reviewed the office's file and identified a letter indicating that a plea offer had been made. (ECF Nos. 107-1, 107-2, 107-3.) Powers asserts that his trial counsel never informed him of the

4

plea offer. Shortly after the discovery of the letter, Powers sought leave to amend his petition. (ECF No. 90.)

It is true that the fact that the state had made a plea offer could have been discovered earlier. The letter was apparently sitting in the prosecutor's file available to anyone who asked to see it. Indeed, Powers argues that his appellate lawyer *should* have found the letter. That is one of the arguments he plans to raise in state court if his motion for stay and abeyance is granted. "Attorney error that constitutes ineffective assistance of counsel is cause to set aside a procedural default." *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) (quoting *Franklin v. Gilmore*, 188 F.3d 877, 883 (7th Cir. 1999)). Given Powers's significant mental limitations and incarceration, it is unreasonable to expect that he would have discovered the plea offer on his own. *See Moore v. Knight*, 368 F.3d 936, 939-940 (7th Cir. 2004).

Moreover, the court is unable to conclude that the claim is clearly meritless. *See Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). Therefore, the court finds that it is appropriate to stay these proceedings and hold the petition in abeyance to permit Powers to exhaust his state court remedies.

The court shares the respondent's frustration about the protracted nature of these proceedings. But denying Powers the possibility of relief based upon an arbitrary clock seems inappropriate. Powers recently discovered the basis for a potentially meritorious claim. The late discovery of the claim establishes good cause for the failure to seek relief

5

earlier. Thus, the court finds that Powers has shown that he should be permitted to return to state court.

Finally, the court notes that its appointment of counsel to represent Powers is limited to the present proceedings. It does not include state court proceedings. It is up to the state court to decide whether it will appoint counsel to represent Powers in proceedings in state court.

**IT IS THEREFORE ORDERED** that this action is stayed and Powers's petition is held in abeyance pending the exhaustion of his state court remedies. Within 45 days of the date of this order Powers must initiate proceedings in state court to exhaust his state court remedies. Not less than 45 days after the exhaustion of his state court remedies or the expiration of time for seeking further review, Powers shall notify this court that the state court proceedings are completed and that this court's stay may be lifted. Failure to do so may result in the court dismissing this action. The Clerk shall close this case for statistical purposes.

Dated at Milwaukee, Wisconsin this 1st day of June, 2016.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge