# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JACOB POWERS,**
        **Petitioner,**

    **v.**                                      **Case No. 10-CV-1127**

**WILLIAM J. POLLARD,**
        **Respondent.**

## ORDER

On May 24, 2021 the court received a letter from petitioner Jacob Powers wherein he complains that his appointed counsel is not communicating with him. (ECF No. 113.) Powers requests that the court appoint a new lawyer for him.

Ordinarily, the court would be extremely concerned when a lawyer appointed by the court is alleged to have failed to communicate with a client. Here, however, counsel's lack of communication is hardly surprising.

As the court noted more than three years ago when Powers submitted a similar complaint to the court:

> Powers's federal case is currently stayed and has been since June 1, 2016, to permit Powers to return to state court to exhaust his state court remedies. (ECF No. 108.) The court did not appoint counsel to represent Powers in the state proceedings and thus has no role in supervising that attorney's conduct. As for the current federal proceedings, from the court's perspective there are no circumstances that necessitate any action by counsel at the present time. This case is on hold awaiting the decision of the

> state courts. The court trusts that once the state court resolves any pending action counsel in this case will promptly notify Powers and communicate as necessary to proceed with the present action.

(ECF No. 110 at 1-2.) While the federal case is on hold, counsel's representation is effectively on hold, too.

The court has reviewed the online records of Powers's pending petition for a writ of habeas corpus in the Wisconsin Court of Appeals, *Powers v. Foster*, Appeal No. 2016AP1401-W, available at https://wscca.wicourts.gov, and according to those records the case is still open. Until Powers exhausts his remedies in state court and is ready to proceed with his federal habeas petition, there is nothing for Powers's appointed counsel to do.

Because the court has not appointed counsel to represent Powers in state court (and it does not appear that the state court has appointed counsel for Powers) that means Powers is representing himself in the state court proceedings. Therefore, it is Powers's responsibility to notify his federally appointed attorney when he has exhausted his remedies in state court and is ready to proceed with his federal petition.

**IT IS THEREFORE ORDERED** that Powers's request that the court appoint substitute counsel is denied.

Dated at Milwaukee, Wisconsin this 27th day of May, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

2